IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RACHAEL STITELER,           )
                            )
        Plaintiff,           )
                            )
    vs.                     )   Civil Action No. 12-231
                            )
COMMISSIONER OF SOCIAL SECURITY, )
                            )
        Defendant.           )

O R D E R

AND NOW, this 1st day of April, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's position that the Administrative Law Judge ("ALJ") erred in finding her to be not disabled. As to Plaintiff's argument that the ALJ failed to account for Dr. Klaus Bielefeldt's finding that she would be absent from work about once or twice a month as a result of her limitations (R. 516), Plaintiff's counsel distorts the record. In support of this argument, counsel cites to the testimony of the vocational expert ("VE") that, "[i]n terms of absenteeism, employers tend to tolerate five unexcused absences per year" (R. 60), which he contends is inconsistent with Dr. Bielefeldt's opinion. However, not only does he ignore the word "unexcused," he also omits, and fails to address, the important qualifier that followed: "That would be apart from medical leave and vacation time." (Id.). The VE did not opine, therefore, that an employee could only miss five days a year, but rather, that he or she could miss five days, unexcused, in addition to all other leave time. The ALJ found that this was consistent with Dr. Bielefeldt's opinion, and substantial evidence supports his decision. Indeed, Dr. Bielefeldt, whose opinion entailed no more than picking between five separate checkboxes, did not opine that Plaintiff's absences would be "unexcused" or unexpected in such a way that they would necessarily fall outside of ordinary leave time.

Plaintiff also argues that the ALJ's residual functional capacity ("RFC") determination was insufficient as a matter of law, pursuant to Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004), because it did not expressly address her moderate limitations in regard to concentration, persistence, and pace. However, that case is inapposite, and Plaintiff's argument has no merit. First, in Ramirez, the ALJ had found that the claimant "often" suffered from deficiencies of concentration, persistence, or pace, resulting in a failure to complete tasks in a timely manner, and the Third Circuit Court of Appeals held that the ALJ's RFC determination that the claimant was limited to simple, repetitive one or two-step tasks did not sufficiently take the claimant's deficiencies into account. Here, the

2

ALJ found that Plaintiff had moderate limitations in concentration, persistence, or pace, as the Social Security regulations pertaining to mental impairments were revised, and the evaluation of concentration, persistence, and pace was changed from a five-point scale based on the frequency of the deficiencies to the current five-point severity scale. See Reynolds v. Commissioner of Soc. Sec., 2011 WL 3273522, at *13 (W.D. Pa. July 29, 2011). Although both "often" and "moderate" occupy the middle position in their respective scales, recent Third Circuit decisions have distinguished Ramirez based on the difference between "often" suffering from these deficiencies and being "moderately" limited in those areas. See McDonald v. Astrue, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008) (noting that the ALJ properly accounted for his finding that the claimant had moderate limitations in concentration by limiting him to simple, routine tasks). See also Menkes v. Astrue, 262 Fed. Appx. 410, 412 (3d Cir. 2008) ("Having previously acknowledged that [the claimant] suffered moderate limitations in concentration, persistence and pace, the ALJ [properly] accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'"). The continuing validity of Ramirez under the new severity scale, therefore, is questionable.

More importantly, though, in Ramirez, the ALJ had limited the claimant to simple, repetitive one or two-step tasks. Here, the mental limitations found by the ALJ in the RFC were more extensive and specific. Plaintiff was limited to work in a low stress environment with few changes or quotas, to occasional interaction with supervisors, co-workers, and the public, and to working primarily with objects rather than people. (R. 20). These limitations go far beyond a limitation to simple, repetitive one or two-step tasks and properly account for Plaintiff's deficiencies in concentration, persistence, and pace. Indeed, Plaintiff completely ignores the fact that the ALJ expressly indicated that his RFC findings accounted for Plaintiff's limitations in these areas. In finding, at Step 3 of the sequential analysis, that Plaintiff had moderate limitations in concentration, persistence, and pace, he stated that his Step 3 analysis was not an RFC assessment and that the RFC assessment at Steps 4 and 5 required a more detailed assessment by itemizing various functions contained in the broader categories, such as concentration, persistence, and pace, employed at Step 3. (R. 19). This demonstrates that the ALJ did not fail to address Plaintiff's issues regarding concentration, persistence, and pace, but rather dealt with them in a more specific manner at Steps 4 and 5. Substantial evidence supports his determination.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record